UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | Case No. 2:23-CV-939 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CHECK CITY PARTNERSHP, LLC, | |
| Defendant(s). | |

Presently before the court is Check City Partnership, LLC's ("Check City") motion to stay the case. (ECF No. 7). The Consumer Financial Protection Bureau ("the Bureau") filed a response (ECF No. 16), to which Check City replied (ECF No. 20).

Also before the court is Check City's motion to vacate its response deadline to the Bureau's petition to enforce the civil investigative demand. (ECF No. 8). The Bureau filed a response (ECF No. 12), to which Check City replied (ECF No. 15).

Check City additionally filed a motion for leave to file supplemental authority (ECF No. 21), to which the Bureau responded (ECF No. 22).

I.      Background

Check City is a company that provides "short-term, small-dollar, and installment loans to consumers." (ECF No. 1, at 2). The Bureau is an independent government agency with the authority, under the Consumer Financial Protection Act, to issue civil investigative demands ("CID") to entities it believes may have information relevant to violations of the Act. 12 U.S.C. § 5562. CIDs are a form of administrative subpoena, allowing the Bureau to request the production of documents, things, written answers, and oral testimony. 12 U.S.C. § 5562(2).

James C. Mahan
U.S. District Judge

The Bureau issued a CID to Check City in late 2022 as part of an investigation into Check City's lending practices. (ECF No. 16, at 2). Check City complied with the CID until March 2023, when it asked the Bureau to stay the investigation due to the Supreme Court's grant of certiorari to review the constitutionality of the Bureau's funding structure. (ECF No. 7, at 4–5; ECF No. 16, at 3).

On June 12, 2023, the Bureau petitioned this court for an order directing Check City to comply with its CID. (ECF No. 1). This court then ordered Check City to show cause why an order compelling compliance with the CID should not be entered. (ECF No. 5). Thereafter, Check City filed the instant motions.

## II.        Legal Standard

Courts have broad discretion in managing their dockets. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. For the sake of judicial economy, a stay may be granted pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979).

When exercising its discretion to stay, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1. To that end, the Supreme Court has articulated several factors for the court to consider when deciding whether to stay a case pending the resolution of a related action in another court:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*).

"If a stay is especially long or its term is indefinite, we require a greater showing to justify it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir.2000) (reversing stay imposed until the resolution of an appeal that might be lengthy). "[A] stay should not be granted unless it appears

James C. Mahan
U.S. District Judge

- 2 -

likely the other proceedings will be concluded within a reasonable time." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

**III.    Discussion**

Check City argues that this matter should be stayed pending the Supreme Court's decision in *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Limited* ("*CFPB v. CFSAA*").  143 S. Ct. 978 (2023) (mem) (granting petition for writ of certiorari) (docket no. 22-448).  The Bureau counters that it may be a year before the Supreme Court issues its opinion, and a stay of this length is prejudicial to the Bureau's ability to carry out its "congressionally mandated duties" to investigate possible wrongdoings.  (ECF No. 16, at 5).  The court finds in favor of Check City.

The Fifth Circuit held in a 2022 decision that the Bureau's "self-actualizing, perpetual funding mechanism" violates the Constitution's Appropriations Clause.  *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616, 638 (5th Cir. 2022) (cert. granted).  Though this is an outlier decision among circuit courts, the Supreme Court has granted certiorari, which throws into doubt the Bureau's enforcement authority.

The Bureau argues that a stay is not justified simply because the Supreme Court's forthcoming decision "might" require a dismissal of its enforcement actions.  (ECF No. 12, at 3).  The Bureau further contends that Check City's request should be denied because the public will be damaged by its inability to investigate consumer protection violations.  (ECF No. 16, at 5, 7).  But the court does not find a delay of approximately one year to be prejudicial to the public interest, even if it is based upon only a possibility that this case may require dismissal.

A stay in this case will not be for an indefinite period.  Briefing and oral argument in *CFPB v. CFSAA* is complete.  *CFPB v. CFSAA* will be resolved within a reasonable time. A brief stay to avoid conducting wasteful and unrecoverable investigation efforts and enforcement proceedings on a matter that may be dismissed pending the Supreme Court's decision is justified.  The court's decision to stay proceedings in this case is in line with other district courts that have been presented with the same issue, in this and other circuits.  *E.g.*, *Consumer Fin. Prot. Bureau v. Noh*, No. 821CV00488JWHADS, 2023 WL 4680912, at *1 (C.D. Cal. Mar. 6, 2023);

**James C. Mahan**
**U.S. District Judge**

*Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 CIV. 3256 (KPF), 2022 WL 17547438 (S.D.N.Y. Dec. 9, 2022); *but see Consumer Fin. Prot. Bureau v. TransUnion*, No. 22 C 1880, 2023 WL 3605995, at *2 (N.D. Ill. Apr. 13, 2023) (finding the Bureau's argument that a stay is unduly prejudicial persuasive).

**IV.        Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Check City's motion to stay the case (ECF No. 7) and motion to vacate its response deadline to the Bureau's petition (ECF No. 8) be GRANTED.

IT IS FURTHER ORDERED that Check City's motion for leave to file supplemental authority (ECF No. 21) be DENIED as moot.

The court ORDERS this case stayed pending the Supreme Court's decision in *CFPB v. CFSAA* and VACATES all pending deadlines.

DATED November 3, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -